# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:06-cr-10023 |
| ADRIAN T. JOHNSON, | ) ) ) | |
| Defendant. | ) | |

## ORDER & OPINION

This matter is before the Court on Defendant Adrian T. Johnson's Motion to Modify Supervised Release Conditions (dkt. 146) and Supplemental Motion to Modify Supervised Release Conditions (dkt. 148).[1] The Government submitted a Response (dkt. 149) pursuant to this Court's direction. The Court finds an evidentiary hearing unnecessary. Accordingly, the matter is ripe for review. For the reasons stated herein, Defendant's motions (dkts. 146, 148) are denied.

### BACKGROUND

The prior proceedings against Defendant are largely irrelevant to the disposition of the instant request. To summarize: in 2006, Defendant was indicted for possession of 50 grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (Dkt. 9). He was convicted by a jury. (Dkt. 46). He was sentenced to life imprisonment and a ten-year term of supervised release. (Dkt.

---

[1] Defendant's original request was made *pro se* but included a request for appointment of the Federal Defender's Office; the Supplemental Motion was submitted as a supportive pleading by that Office.

67). However, in 2013 his term of imprisonment was reduced to 144 months pursuant to Federal Rule of Criminal Procedure 35(b). (Dkt. 101). He was released briefly in 2016, but he was taken back into custody for violating his supervised release. He was released again in March of 2018. Since that time, he has tested positive for marijuana on two occasions and driven drunk on at least one occasion. (Dkt. 149 at 4–5).

Defendant reports he is suffering chronic back pain as a result of an automobile accident. (Dkt. 146 at 1–2). In order to manage his pain, he obtained a permit under the Illinois Compassionate Use of Medical Cannabis Act, 410 ILCS 130/1 *et seq.* (Dkt. 148 at 1). Defendant's conditions of supervised release include that he may not "possess, use, distribute, or administer any controlled substance" except as prescribed by a physician. (Dkt. 67 at 3–4). Defendant asks the Court to modify this condition to allow for cannabis use consistent with Illinois law. (Dkt. 148 at 2).

## DISCUSSION

In addition to the conditions of supervised release mandated by statute, district courts ordinarily possess significant discretion in imposing and fashioning conditions of supervised release under 18 U.S.C. § 3583(d), provided they are reasonably related to the factors set forth in § 3553(a), appropriately tailored to the defendant, designed to balance the defendant's liberty with deterrence and rehabilitation, and provide adequate notice. 18 U.S.C. § 3583(d); *United States v. Kappes*, 782 F.3d 828, 847–48 (7th Cir. 2015). However, among the conditions that must be imposed on a defendant are requiring the defendant "not commit another Federal, State, or local crime during the term of supervision" or "unlawfully possess a controlled substance." 18 U.S.C.

2

§ 3583(d) (stating, in addition, "[t]he court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance."). Therefore, "[a]lthough district courts 'may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release,' courts cannot amend conditions to contradict federal law." *United States v. Schostag*, 895 F.3d 1025, 1027 (8th Cir. 2018) (quoting 18 U.S.C. § 3583(e)(2)).

Under the Controlled Substances Act (CSA), Congress classified marijuana as a Schedule I drug. *Gonzales v. Raich*, 545 U.S. 1, 14 (2005) (citing 21 U.S.C. § 812(b)(1), (c)). "The CSA designates marijuana as contraband for *any* purpose; in fact, by characterizing marijuana as a Schedule I drug, Congress expressly found that the drug has no acceptable medical uses." *Id.* at 27. In a conflict between the CSA and state law "federal law shall prevail," pursuant to the Supremacy Clause. *Id.* at 29. Courts therefore have "no discretion to allow [defendants] to use medical marijuana while on supervised release." *Schostag*, 895 F.3d at 1028; *see also United States v. Johnson*, 228 F. Supp. 3d 57, 62 (D.D.C. 2017) (stating "every federal case addressing the issue has held that defendants are prohibited from using state-sanctioned medical marijuana while under federal court supervision" and collecting cases so holding). The Court cannot grant Defendant the modification he seeks.

Defendant raises *United States v. McIntosh*, 833 F.3d 1163, 1179 (9th Cir. 2016), in which the Ninth Circuit held the Department of Justice was barred from spending funds from appropriations acts containing a specific rider to prosecute

persons who utilized marijuana in compliance with state law. (Dkt. 148 at 2–3). *McIntosh* is not binding upon this Court, but the Court need not determine whether it agrees with the holding. *McIntosh* did not suspend the CSA or require federal courts to allow defendants "to possess and use marijuana for medical purposes in violation of federal law" while on supervised release. *United States v. Nixon*, 839 F.3d 885, 888 (9th Cir. 2016). So, it is inapplicable to Defendant's request to have his conditions of supervised release modified and does not alter the Court's conclusion.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Modify Supervised Release Conditions (dkt. 146) and Supplemental Motion to Modify Supervised Release Conditions (dkt. 148) are DENIED.


SO ORDERED.

Entered this 8th day of April 2020.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge